FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★ AUG 28 2013 ★

BROOKLYN OFFICE

Recd 8/28/13 (mlr)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BRICKLAYERS INSURANCE AND WELFARE
FUND, BRICKLAYERS PENSION FUND,
BRICKLAYERS SUPPLEMENTAL ANNUITY
FUND, BRICKLAYERS AND TROWEL TRADES
INTERNATIONAL PENSION FUND, NEW
YORK CITY AND LONG ISLAND JOINT
APPRENTICESHIP AND TRAINING FUND,
INTERNATIONAL MASONRY INSTITUTE,
JEREMIAH SULLIVAN, JR., BRICKLAYERS
LOCAL 1, INTERNATIONAL UNION OF
BRICKLAYERS AND ALLIED CRAFT
WORKERS, and BRICKLAYERS LABOR
MANAGEMENT RELATIONS COMMITTEE,

**MEMORANDUM & ORDER**

**12-CV-4536 (NGG) (RML)**

    Plaintiffs,

    -against-

CHAMPION CONSTRUCTION CORP.,

    Defendant.
-----------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

   Plaintiffs Bricklayers Insurance and Welfare Fund, Bricklayers Pension Fund,

Bricklayers Supplemental Annuity Fund, Bricklayers and Trowel Trades International Pension

Fund, New York City and Long Island Joint Apprenticeship and Training Fund, International

Masonry Institute (collectively, the "Funds"), Jeremiah Sullivan, Jr., in his fiduciary capacity as

administrator, Bricklayers Local 1, International Union of Bricklayers and Allied Craft Workers

("Local 1"), and Bricklayers Labor Management Relations Committee ("LMRC") brought this

action on September 11, 2012, against Defendant Champion Construction Corp to enforce

provision of Sections 515 and 502(g) of the Employee Retirement Income Security Act of 1974,

as amended, 29 U.S.C. §§ 1145 and 1132(g) ("ERISA"). (See Compl. (Dkt. 1).) Defendant

1

failed to appear, and on December 6, 2012, the Clerk of the Court noticed Defendant's default.

(Entry of Default (Dkt. 5).) On December 14, 2012, Plaintiffs moved for default judgment.

(Mot. for Def. J. (Dkt. 6).) In an order dated December 17, 2012, the court referred this motion

to Magistrate Judge Robert M. Levy to conduct a damages inquest and for a Report and

Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b). (See Dec. 17, 2013, Order.) Judge

Levy issued an R&R on June 13, 2013 (R&R (Dkt. 11)) and Plaintiffs filed a timely objection to

the R&R (Pl. Obj. (Dkt. 12)). For the reasons explained below, Judge Levy's R&R is

ADOPTED IN PART and MODIFIED IN PART.

## I.    BACKGROUND

The factual background of the case is fully set forth in Judge Levy's R&R. (R&R at 2-4.)

The relevant facts for the purposes of this Memorandum & Order are as follows.

### A.    Facts

Defendant was a party to a collective bargaining agreement ("CBA") with Local 1, which

obligated Defendant to make contributions at specified rates per hours worked to the Funds,

Local 1, and the LMRC, on behalf of Local 1 bricklayers employed by Defendant. (See Compl.

¶¶ 6-10.) The CBA also required Defendant to submit to period audits of its payroll records.

(Id.) A certified public accounting firm employed by Plaintiffs conducted an audit of Defendant

for the period of April 1, 2011, to June 30, 2012, and discovered that Defendant was delinquent

in unpaid contributions and dues owed under the CBA. (Aff. of Jeremiah Sullivan in Supp. of

Def. J. ("Sullivan Aff.") (Dkt. 6-4) ¶ 6; Compl. ¶¶ 11-13.) Defendant executed a payment

agreement with the Funds and Local 1 on November 15, 2011, which obligated it to remain

current in its contributions and dues for work done between September 1, 2011, and February 15,

2012. (See Payment Agreement (Ex. B. to Aff. of Viorel Kuzma in Supp. of Mot. for Def. J. ("Kuzma Aff.") (Dkt. 6-5)).)

**B.      Procedural History**

Plaintiffs brought this case to recover the unpaid contributions and dues Defendant owed under the CBA and payment agreement. (See Compl.) In addition to the unpaid contributions and dues, Plaintiffs sought interest, liquidated damages, costs, attorneys' fees, and an injunction requiring Defendant to comply with its obligations to report contributions due and owing. (Id.) After Defendant failed to enter an appearance or defend the action, Plaintiffs obtained an Entry of Default from the Clerk of the Court and subsequently moved for default judgment. (See Entry of Default; Mot. for Def. J.) Included in the documents supporting their motion for default, Plaintiffs submitted the affidavit of Jeremiah Sullivan, the President of Local 1, and the affidavit of Viorel Kuzma, a member of the audit firm who conducted the audit of Defendant. (See Sullivan Aff.; Kuzma Aff.) The audit report for the period of April 1, 2011, to June 30, 2012, and the payment agreement were attached as exhibits to the Kuzma affidavit. (See Audit Report (Ex. A. to Kuzma Aff.); Payment Agreement.)

After the court referred Plaintiffs' motion for default judgment to Judge Levy, Plaintiffs filed a supplemental letter in support of their motion. (See Mar. 1, 2013, Pl. Ltr. (Dkt. 10).) On June 13, 2013, Judge Levy issued an R&R recommending that Plaintiffs be awarded: (1) $39,244 in unpaid contributions and dues; (2) interest on unpaid contributions at the rate of ten percent (10%) per annum; (3) interest on unpaid dues at the rate of nine percent (9%) per annum; (4) $7,085.76 in liquidated damages; and (5) $350 in costs. (See R&R.) Judge Levy further recommended that Plaintiffs' request for injunctive relief be denied. (Id.) Plaintiff filed a timely objection to Judge Levy's recommendation. (Pl. Obj.)

3

## II.    STANDARD OF REVIEW

When a district court receives timely objections to a magistrate judge's R&R, the court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). Portions of the R&R to which a party makes no objection are reviewed for clear error. U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012).

## III.    DISCUSSION

Plaintiffs objected to Judge Levy's recommendation only as to: (1) certain of the damages to which Plaintiffs are entitled; and (2) denial of Plaintiffs' request for injunctive relief. The court will take these issues in turn.

### A.    Damages

#### 1.    Unpaid Contributions and Dues

Judge Levy recommended that Plaintiffs are entitled to unpaid contributions and dues for the period covered by the CBA—April 1, 2011, to June 30, 2011—in the total amount of $26,297.60. (R&R at 5-6.) He concluded that Plaintiffs are also entitled, pursuant to the Payment Agreement, to unpaid contributions and dues corresponding to hours worked between September 1, 2011, and February 15, 2012. (Id. at 8-9.) He recommended that these contributions be paid at a rate of $26.84 per hour for ERISA dues, and an additional $2.51 per hour for non-ERISA dues, as provided by the CBA. (Id. at 9.) Plaintiffs do not object to any of

these recommendations. (See Pl. Obj. at 5 & n.1.) Finding no clear error, the court adopts these recommendations.

Judge Levy explained that he calculated his recommendation by "appl[ying] the hourly contribution rates from the CBA to the hours worked from September 1, 2011, to February 15, 2012, as shown in the audit. For both ERISA and non-ERISA contributions, [he] multiplied the hours worked in each month by the contribution rate." (Id. at 10 n.3.) Based on those calculations, Judge Levy recommended that Plaintiffs are entitled to unpaid contributions and dues totaling $12,946.40. (Id. at 10.) Plaintiffs objected to this recommended amount, specifically that the Audit Report they submitted—on which Judge Levy relied for documentation of the amount of hours worked—set forth 624 unreported hours, and that these unreported hours multiplied by the ERISA and non-ERISA rates result in a delinquency of $18,314.40, not $12,946.60. (Pl. Obj. at 5.) The court agrees.

Judge Levy did not specify the number of hours worked in each month he used to calculate the unpaid contributions and dues, but did indicate that he based his calculations on the hours reflected in the Audit Report. (R&R at 10 n.3.) However, based upon its own review of the Audit Report, the court concludes that there are indeed 624 hours worked between September 1, 2011, and February 15, 2012. (See Audit Report.) Calculating the unpaid ERISA contributions for these hours at the relevant rate (624 hours x $26.84/hour = $16,748.16), combined with the unpaid non-ERISA dues for these hours at the appropriate rate (624 hours x $2.51/hour= $1,566.24) results in total unpaid contributions and dues of $18,314.40.[1] Therefore, Judge Levy's recommendation as to the amount of delinquency for the period between September 1, 2011, and February 15, 2012, due under the Payment Agreement is rejected.

---

[1]     Judge Levy recommended that these rates, provided by the CBA, are the appropriate per hour rates to calculate ERISA and non-ERISA contributions, respectively. Plaintiffs did not object to these rates. Finding no clear error, the court adopts these rates.

Plaintiffs are entitled to $18,314.40 in unpaid contributions and dues under the Payment

Agreement, in addition to the $26,297.60 to which they are entitled under the CBA.[2]

    2.    Interest

Judge Levy recommended that interest was owed on the total unpaid contributions and

total unpaid dues owed under both the CBA and the Payment Agreement, and should be

calculated through the date of entry of judgment. Plaintiffs did not object to Judge Levy's

determination that interest will accrue on the unpaid ERISA contributions at a rate of 10% per

annum, and will accrue on the unpaid non-ERISA dues at a rate of 9% per annum. Finding no

clear error, the court adopts Judge Levy's recommendation as to the calculation of interest.

    3.    Liquidated damages

Judge Levy also recommended that Plaintiffs are entitled to liquidated damages in the

amount of twenty percent of the unpaid contributions due under ERISA. Based on his inaccurate

calculation of the unpaid ERISA contributions due under the payment agreement, he

recommended that the liquidated damages be twenty percent of $35,428.80. (R&R at 11.) As

set forth by the Audit Report, the unpaid ERISA contributions total $40,796.80.[3] Therefore,

Plaintiffs are entitled to twenty percent of $40,796.80, or $8,159.36, in liquidated damages.

---

[2]    The $26,297.60 is comprised of $24,048.64 in unpaid ERISA contributions owed pursuant to the CBA, and
$2,248.96 in unpaid dues owed pursuant to the CBA. (See Fringe Benefit Deficiency Allocation (included in
Exhibit A to Kuzma Aff.).) Judge Levy's R&R recommended that Plaintiffs be awarded $26,297.60 in unpaid
contributions and dues, but did not break out the subtotals of unpaid contributions and unpaid dues that figure
represents. (See R&R at 6.)

[3]    The $40,796.80 is comprised of the $24,048.64 in unpaid ERISA contributions owed pursuant to the CBA,
and the $16,748.16 in unpaid ERISA contributions owed pursuant to the payment agreement. By statute, Plaintiffs
are entitled to liquidated damages only on the unpaid ERISA contributions, not on the unpaid dues.

4.    Costs

Judge Levy recommended that Plaintiffs are entitled to $350 in costs. (R&R at 12.) Plaintiffs did not object to this recommendation. Finding no clear error, the court adopts this recommendation.

\*\*\*\*

In sum, the court concludes that Plaintiffs are entitled to: (1) $26,297.60 in unpaid contributions and dues under the CBA; (2) $18,314.40 in unpaid contributions and dues under the Payment Agreement; (3) interest on the unpaid contributions at a rate of 10% per annum, calculated to the date of judgment; (4) interest on the unpaid dues at a rate of 9% per annum, calculated to the date of judgment; (5) $8,159.36 in liquidated damages; and (6) $350 in costs.

**B.    Injunctive Relief**

In their motion for default judgment, Plaintiffs requested an order requiring Defendant to cooperate with an audit for the period beginning July 1, 2012, and continuing to the present, and to pay any deficiencies shown by the audit. (Pl. Mem. in Supp. of Def. J. (Dkt. 6-1) at 10-12; Compl. ¶ 20.) A permanent injunction is an appropriate remedy under the relevant provisions of ERISA. See 29 U.S.C. § 1132(g)(2)(E) (providing that in ERISA actions to enforce unpaid contributions, the court shall award "such other legal or equitable relief as the court deems appropriate"). When a court contemplates a request for injunctive relief as part of a default judgment in an ERISA action, "the court may issue an injunction provided that plaintiffs meet the requirements for obtaining a permanent injunction, which include a showing of 'irreparable harm should the injunction not be granted.'" La Barbera v. Federal Metal & Glass Corp., 666 F. Supp. 2d 341, 349 (E.D.N.Y. 2009) (citing King v. Nelco Indus., Inc., No. 96-CV-4177 (EN), 1996 WL 629564, at *1 (E.D.N.Y. Oct. 23, 1996)).

Judge Levy concluded that Plaintiffs had not shown that Defendant had a history of refusing to submit to an audit, and thus had not shown irreparable harm and were not entitled to injunctive relief. (R&R at 12.) Plaintiffs objected that they "respectfully disagree with Magistrate Judge Levy's findings regarding [their] request for injunctive relief." (Pl. Obj. at 7.) Plaintiffs conceded, however, that because Judge Levy concluded that the CBA expired on June 30, 2011, Defendant is no longer obligated to submit to an audit. (Id. (citing Bricklayers Ins. and Welfare Fund v. Primo Brick, Inc., No. 11-CV-5742 (FB) (LB), 2013 WL 2120318, at *2 (E.D.N.Y. May 15, 2013)).) Plaintiffs ask that the court modify Judge Levy's findings to conclude that Plaintiffs' request for injunctive relief is moot. (Id.)

Caselaw is clear the "[a]n injunction will issue only if the party is still under the obligations of the CBA." Bd. of Trustees of Pointers, Cleaners & Caulkers Welfare Fund, Pension Fund & Annuity Fund v. Super Eagle Contracting, No. 12-CV-399, 2013 WL 802034, at *5 (E.D.N.Y. Jan. 16, 2013), adopted by 2013 WL 802847 (E.D.N.Y. Mar. 5, 2013). But it is also true that injunctive relief is only warranted where there is evidence that the violations are continuing and monetary damages are insufficient to deter future conduct. Primo Brick, Inc., 2013 WL 2120318, at *3 (concluding that injunctive relief was not warranted because defendant's obligations under the CBA had ended, but also because there was no evidence of continuing violations). Therefore, each of these reasons is an independent and adequate ground to reject Plaintiffs' request for injunctive relief.

## IV.  CONCLUSION

Judge Levy's R&R is ADOPTED IN PART, and MODIFIED IN PART to reflect the changes discussed in this Memorandum & Order.  Plaintiffs are entitled to default judgment in the amount of: (1) $26,297.60 in unpaid contributions and dues under the CBA; (2) $18,314.40 in unpaid contributions and dues under the Payment Agreement; (3) interest on the unpaid contributions at a rate of 10% per annum, calculated to the date of judgment; (4) interest on the unpaid dues at a rate of 9% per annum, calculated to the date of judgment; (5) $8,159.36 in liquidated damages; and (6) $350 in costs.  Plaintiffs' request for injunctive relief is DENIED for the reasons discussed herein.  The Clerk of the Court is directed to enter judgment and close the case.

SO ORDERED.

s/NGG

Dated: Brooklyn, New York
       August 27, 2013

NICHOLAS G. GARAUFIS
United States District Judge